
RECEIVED
FEB 2 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY | CIVIL ACTION NO. 05-1701 |
| VERSUS | JUDGE DOHERTY |
| OMNI ENERGY SERVICES CORPORATION | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss filed on behalf of the defendant, Omni Energy Services Corporation. Omni seeks dismissal of the plaintiff's claims for failure to state a claim upon which relief can be granted. The motion is opposed by the plaintiff. For the following reasons, the motion will be denied.

As the defendant seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must limit its review to the facts alleged in the Complaint.[1] According to the allegations contained in the Complaint, the plaintiff entered into a contract known as a workers' compensation account agreement with a company identified as Trussco, Inc. The plaintiff alleges various breaches of the agreement and has sued Omni Energy Services Corporation for damages allegedly flowing from those breaches, but has not sued the contracting party, Trussco, Inc.

Omni argues that the plaintiff has not stated a claim for which relief may be granted against

---

[1] The defendant submitted an affidavit as an attachment to its Supplemental Memorandum. However, the pending motion seeks dismissal pursuant to Rule 12(b)(6), which does not permit the consideration of evidence outside of the Complaint itself. While this Court has the discretion to convert the motion to dismiss into a summary judgment motion (which would permit this Court to consider the affidavit but would require substantial additional briefing), this Court declines to exercise its discretion to do so at this early point in the litigation. As such, this Court's review will be limited to the facts as alleged in the Complaint.

Omni Energy Services because Omni Energy Services is not a signatory to the contract. In fact, Omni elaborates on its relationship with Trussco, indicating that Trussco is a wholly-owned subsidiary of Omni. Based upon these facts, Omni argues that it cannot, as a matter of law, be held liable for any breach of contract by Trussco which has been alleged by the plaintiff.

The defendant's motion is asserted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b). A movant seeking dismissal pursuant to Rule 12(b)(6) must prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoffman v. Kramer, 362 F.3d 308, 318 n.7 (5th Cir. 2004). A district court, in ascertaining whether a movant has met its burden of proof, must "construe the complaint liberally in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." Id.

While Omni acknowledges that there are certain circumstances under which a parent company can be held liable for its subsidiary's actions, it suggests that the plaintiff has not alleged sufficient facts to permit its claim to proceed in this Court. In point of fact, however, the Complaint contains the following allegation: "On or about September 24, 2000, Great American and Trussco, Inc. executed a large deductible workers' compensation account agreement. Trussco, Inc. was acquired in September, 2004 by Omni Energy Services Corporation (hereinafter collectively referred to as 'Omni Energy Services')."[2] Thus, pursuant to this paragraph, every following reference to "Omni Energy Services" is intended to refer to *both* Omni and Trussco. Thus, the allegations that

---

[2] Complaint for Declaratory Relief and Breach of Contract [Doc. 1], at 2, ¶ V.

2

certain obligations were undertaken, and later breached, are made against *both* Trussco and Omni. Implicit in these allegations is the idea that either Omni was acting on behalf of Trussco or, alternatively, that Trussco was acting on behalf of Omni. Under either possibility, it is clear that the facts alleged – if proven at trial – could possibly result in relief being granted against Omni.

It certainly would have been more efficient for the plaintiff, in its Complaint, to more clearly identify its theory of recovery against Omni. Moreover, it is possible that Great American will face a difficult burden of proof at trial (or in opposing summary judgment) in establishing that Omni is legally responsible for the alleged contract breaches of its subsidiary, as Omni has argued. The allegations, however, do permit the inference (for purposes of this motion) that the actions taken after September, 2004 were executed by Omni Energy Services and/or Trussco on behalf of themselves and/or each other. As such, the complaint contains sufficient allegations to preclude this Court from finding that "it is beyond doubt that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief."

For the foregoing reasons, the Defendant's Motion to Dismissal [Doc. 6], shall be DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___16___ day of ___February___, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3